So Ordered.

Signed this 19 day of July, 2023.



_____
Wendy A. Kinsella
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | |
| | Chapter 11 |
| All Ways Concrete Pumping, LLC,[1] | Case No. 23-30069 (WAK) |
| | |
| Debtor. | |

**ORDER CONFIRMING THE DEBTOR'S CONSENSUAL**
**SUBCHAPTER V PLAN FOR REORGANIZATION**

This matter came before the Court on July 13, 2023 to consider confirmation of the *Debtor's Amended Plan of Reorganization for Small Business under Subchapter V of Chapter 11* (the "Plan")[2] (ECF. No. 101) filed on May 22, 2023 by the Debtor, All Ways Concrete Pumping, LLC (the "Debtor"). In connection with the confirmation of the Plan, the Court has considered the evidence presented as well as the record of this case, including: (i) the certificate of service of the Plan and the Order setting the hearing on the confirmation of the Plan (ECF No. 112) (ii) the

---

[1] The last four digits of the Debtor's federal tax identification number are 9046.
[2] Capitalized terms not defined herein shall have the same definition as in the Plan.

*Declaration of Diana L. Sroka in Support of Confirmation of the Debtor's Amended Chapter 11 Plan* (ECF No. 123) ("Sroka Declaration"), (ii) the *Certification Pursuant to Local Rule 3018-1(b)*, whereby the Union and Funds, the only class holding impaired claims, accepted the Amended Plan (ECF No. 122), and (iii) *Affirmation in Support of Confirmation of Debtor's Amended Plan of Reorganization for Small Business under Subchapter V of Chapter 11* (ECF No. 120). The

JWAK Court, having considered that all classes of creditors that ~~were required to~~ vote<u>d</u> on the Plan have accepted the Plan, and that the limited objection of the United States Trustee has been resolved as set forth on the record and herein and that no other objections to the Plan have been filed, after notice and a hearing, the Court finds and concludes as follows:

## **FINDINGS OF FACTS & CONCLUSIONS OF LAW**

A. **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[3] and the Federal Rules of Bankruptcy Procedure ("FRBP").

B. **Venue**. Venue before the Court is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

C. **Notice**. Due, adequate, and sufficient notice of the Plan and the order setting a hearing on confirmation (ECF No. 107) (the "Confirmation Hearing Order") were served upon all creditors, all interest holders, the Debtor's former and current employees referenced on Exhibit A to the Plan, and all parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto, including the opportunity to and deadline

---

[3] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

for objecting to Plan confirmation, (collectively, the "Confirmation Deadlines") were in compliance with the FRBP, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

D. **Objections to Confirmation**. Present at the hearing were the Debtor's representative, Diana L. Sroka; Debtor's counsel, Grayson Walter and Robert Folland; the Subchapter V Trustee, Francis J. Brennan; Amy Ginsberg of the U.S. Trustee's Office; the Union and the Funds by their counsel Jennifer Clark, and secured creditor Five Star Bank by its counsel, Catherine N. Cervone. On June 30, 2023, the U.S. Trustee timely filed a limited objection to the Plan (ECF No. 118), requesting further substantiation that Five Star Bank will provide the necessary exit financing under the Plan and seeking a revocation of the Court's prior order waiving of the investment and deposit requirements of section 345 of the Bankruptcy Code as a result of the Debtor's bank account balance exceeding $250,000 (the "Objection"). The Objection was resolved by the Sroka Declaration and at the confirmation hearing, as sufficient substantiation of the necessary exit financing by Five Star Bank was provided and the Debtor agreed to deposit $200,000 to be held in escrow by the Subchapter V Trustee, Francis J. Brennan for the purpose of funding certain of the Debtor's obligations under the Plan in accordance with further order of this Court. No other objections were filed to the Plan.

E. **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims

created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

F. **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**. The Plan specifies all classes or claims or interests that are not impaired under the Plan.

G. **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

H. **No Discrimination – 11 U.S.C. § 1123(a)(4)**. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

I. **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**. Article 7 of the Plan provides adequate means for the Plan's implementation.

J. **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**. The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

K. **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**. Article 6.7 of the Plan, pursuant to § 365 of the Bankruptcy Code, provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtor not previously rejected under such section.

L. **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**. Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

  M. **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

  N. **Subchapter V Plan Requirements – 11 U.S.C. § 1189**. The Debtor has complied with § 1189 because its initial plan was filed not later than 90 days after the order for relief under Chapter 11.

  O. **Contents of a Subchapter V Plan – 11 U.S.C. § 1190**. In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtor to make payments under the proposed plan for reorganization.

  P. **Satisfaction of Conditions – 11 U.S.C. § 1191(a)**. The Court finds that the Plan satisfies the relevant provisions of 11 U.S.C. § 1129(a) and, as a result, is a consensual Subchapter V plan under § 1191(a). With respect to the relevant provisions of § 1129(a), the Court finds and concludes as follows:

    1. **11 U.S.C. § 1129(a)(1) and (a)(2)**. The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

    2. **11 U.S.C. § 1129(a)(3)**. The Plan was proposed in good faith and not by any means forbidden by law.

    3. **11 U.S.C. § 1129(a)(4)**. Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4.   **11 U.S.C. § 1129(a)(5)**.  The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor; and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders, and with public policy; and the Plan proponent has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

5.   **11 U.S.C. § 1129(a)(7)**.  The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the Plan, or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

6.   **11 U.S.C. § 1129(a)(8)**.  With respect to each class of claims or interests, such class has accepted the Plan, or such class is not impaired under the plan.

7.   **11 U.S.C. § 1129(a)(9)**.  Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, Article 6 of the Plan provides that Administrative Expense Claims shall be paid within twenty (20) days of the Effective Date [JWAK] or such later date when they become Allowed Administrative claims.

8.   **11 U.S.C. § 1129(a)(11)**.  Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

9.  **11 U.S.C. § 1129(a)(12)**.  All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the Plan, have been paid or the Plan provides for the payment of all such fees on the effective date of the Plan.

Accordingly, the Court **ORDERS**:

1.  **Confirmation**.  The Plan is confirmed under 11 U.S.C. § 1191(a).

2.  **Binding Effect of Plan**.  Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the Debtor, and any creditor and equity security holder, whether or not the claim or interest of such creditor and equity security holder, is impaired under the Plan and whether or not such creditor and equity security holder has accepted the Plan.

3.  **Re-vesting of Property**.  Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Debtor.  Except for the security interests, liens, lien priority, secured claims, and other rights of Five Star Bank which shall pass through the above-captioned case ("Case") unaltered and unaffected by the bankruptcy filing or the Plan, or as otherwise provided in the Plan or in this Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors.

4.  **Post-Confirmation Operation of Business**.  Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code.  The Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court.  <span style="color:red">All professional fees and</span> <span style="color:red">[JWAK]</span> <span style="color:red">Subchapter V Trustee fees incurred during the course of the bankruptcy case remain subject to bankruptcy court approval.</span>  Except as set forth in the

Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Court approval.

5. **Escrow**. The Debtor shall deposit $200,000.00 in cash in escrow with the Subchapter V Trustee, Francis J. Brennan. Said funds shall be used for the payment of Allowed Administrative Claims or the claim of the Union and the Funds in accordance with further order of this Court.

6. **Injunction and Discharge**. Except as otherwise expressly provided in the Plan or in this Confirmation Order, as of the Effective Date: (i) the Debtor shall be discharged from any debt to the fullest extent provided by 11 U.S.C. § 1141(d), except for the Allowed Secured Claims of Five Star Bank, which shall pass through this Case unaltered and unaffected by the bankruptcy filing or the Plan; (ii) as provided in the Plan, all Equity Holders shall retain their respective interests in the Debtor; and (iii) all holders of any discharged claims against the Debtor are enjoined from enforcing any such claim to the fullest extent provided by 11 U.S.C. § 524(a). To the extent the Plan discharge provisions set forth in Article 11.2 of the Plan are inconsistent with this Confirmation Order, 11 U.S.C. § 1141(d), or any other provision of the Bankruptcy Code, this Order, § 1141(d), and the Bankruptcy Code shall control. The Debtor is hereby authorized to file, register, or otherwise record a certified copy of this Confirmation Order with any court or governmental recording office which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the foregoing discharge and injunction.

7. **Disbursing Agent**. The Debtor is named as Disbursing Agent and must make all payments to holders of allowed claims as required by the Plan, except to the extent of funds held in escrow by the Subchapter V Trustee which shall be disbursed in accordance with further order of this Court.

8. **United States Trustee Guidelines**. The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

9. **Effect of Confirmation Order on Plan**. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

10. **Executory Contracts and Leases**. The Unexpired Lease with A1 Pumping, LLC and the Unexpired Lease with Eastern Managed Print Network shall be assumed by the Debtor as of the Effective Date. Except as otherwise provided in the Plan or in a separate order of the Court, all other executory contracts and unexpired leases not otherwise assumed are deemed rejected as of the Effective Date.

11. **Service of Confirmation Order**. The Debtor's counsel is directed to serve a copy of this Order on all parties, including the Debtor's former and current employees referenced on Exhibit A to the Plan, and file a certificate of service within five (5) business days of the entry of this Order.

12. **Service of Notice of Effective Date**. The Debtor's counsel is directed to serve a notice of the Effective Date of the Plan upon all parties and file a certificate of service within five (5) business days of the Plan's Effective Date.

13. **Documents Required to Effectuate Plan**. The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

14. **Discharge of the Subchapter V Trustee**. Pursuant to 11 U.S.C. § 1183, the service of the Subchapter V Trustee in the case shall terminate when the Plan has been substantially consummated, except that the United States trustee may reappoint a trustee as needed for performance of duties under § 1183(b)(3)(C) and § 1185(a). Not later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve on the Subchapter V Trustee, the United States trustee, and all parties in interest notice of such substantial consummation. The Debtor must file a "Final Report and Motion for Entry of Final Decree" on the later of: (a) substantial consummation of the Plan, or (b) entry of a final order resolving all disputed claims.

15. **Exit Financing**. Notwithstanding anything to the contrary in the Plan, the Five Star Bank exit financing described in Section 7.2 of the Plan is subject to satisfaction of the closing conditions set forth in the Five Star Bank commitment letter, together with other diligence and deliverables customary for a financing of the type described therein.

16. **Jurisdiction**. The Bankruptcy Court retains jurisdiction to:

   a. Resolve issues with respect to the Debtor's substantial consummation of the Plan and to the extent the Debtor seeks to amend or modify the plan;

   b. Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation;

   c. Adjudicate objections to claims;

   d. Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;

   e. Adjudicate modifications of the plan under 11 U.S.C. § 1193;

      f.      Review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree; and

      g.      Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

# # #